Gloria PRICE, et al., Plaintiffs,

v.

UNITED STATES NAVY,
et al., Defendants.

and Related Counter–Actions.

No. 89–1526–IEG (CM).

United States District Court,
S.D. California.

Oct. 21, 1992.

See also 818 F.Supp. 1323.

John H. Reaves, Law Offices of John H. Reaves, San Diego, CA, for plaintiffs.

David M. Thompson, U.S. Dept. of Justice, Washington, DC, Beth L. Levine, Office of the U.S. Atty., San Diego, CA, David W. Zugschwerdt, U.S. Dept. of Justice, Washington, DC, for defendant U.S. Navy.

Shawn F. Kelly, Law Offices of Shawn Kelly, San Diego, CA, for defendant Michael Moses.

Harry Moses in pro per.

## ORDER

GONZALEZ, District Judge.

Plaintiffs in this case have brought a claim for medical monitoring costs against the defendants apparently under Title 42 U.S.C. § 9607(a)(4)(B) [1], which provides that certain responsible parties may be sued for "any other necessary costs of response incurred by any other person consistent with the national contingency plan ...". Whether response costs include medical monitoring under this section is an issue that, until recently, had been only addressed by district courts. However, the Tenth Circuit recently decided the issue of medical monitoring in *Daigle v. Shell Oil Co.*, 972 F.2d 1527 (10th Cir.1992). In *Daigle*, plaintiffs sought the establishment of a fund to finance long-term "medical monitoring" or "medical surveillance" designed to detect the onset of any latent disease that had been caused by exposure to toxic fumes. Plaintiffs relied on the language contained in 42 U.S.C. § 9607(a)(4)(B).

In the present case, plaintiffs, in argument to the court and in their memoranda of law in opposition to defendants' motion to dismiss, rely on this same section.[2] Plaintiffs also rely on the case of *Brewer v. Ravan*, 680 F.Supp. 1176, 1179 (M.D.Tenn.1988) in support of their claim that they are entitled to medical monitoring costs. In that case, the district court held that "removal" and "remedial" costs encompass medical monitoring.[3]

1. Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") § 107(a).

2. In the first claim of their first amended complaint, plaintiffs seek to recover the costs of medical care and testing pursuant to § 9604(i)(4) of CERCLA. In none of plaintiffs' other arguments to the court, nor in their memoranda, do they refer to this section of CERCLA as a basis for their claim for medical monitoring costs. More-over, § 107(a) of CERCLA is the only provision under which plaintiffs can seek response costs in this case. Therefore, it appears that plaintiffs reference to § 9604(i)(4) of CERCLA in the first claim of their complaint is misplaced.

3. Plaintiffs in *Brewer* relied on § 107(a) in seeking costs of medical testing and screening as "necessary costs of response", which further supports this court's assumption of plaintiffs' reliance on § 107(a) and not § 104(i)(4).

In *Daigle*, the court expressly rejected the analysis in *Brewer* as overly broad, stating that the "*Brewer* court [went] awry in affording a broad sweep to the 'public health and welfare' language in the definitions." 972 F.2d at 1535. I agree.

In reaching its conclusion, the *Daigle* court went through a very detailed analysis of the language contained in the response costs definitions and the history and structure of CERCLA in arriving at its conclusion that costs are not recoverable under CERCLA § 107(a). Although this decision is not binding on this court, I believe its reasoning is sound and therefore persuasive.

The plaintiffs' claim for the medical costs set forth in paragraph 48 of the first claim of the first amended complaint is hereby dismissed.

**IT IS SO ORDERED.**